UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAHENE PETERKIN,

                           Plaintiff,

        -against-

QUICK CHILL FOOD SERVICES; DANIEL
F. MARTUSCELLO, *Dep't of Admin
Services*; CARL KOENINGSMAN, *Comm of
Health & Med. Services*,

                           Defendants.

19-CV-7819 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, currently incarcerated at Auburn Correctional Facility, brings this *pro se* action

under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order

dated August 22, 2019, the Court granted Plaintiff's request to proceed without prepayment of

fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave

to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma

pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.

## BACKGROUND

Plaintiff filed this complaint against Commissioner of Administrative Services Daniel F. Martuscello, and Commissioner of Health & Medical Services Carl Koeningsman, both of whom are in Albany, New York, and Quick Chill Food Services, located in Rome, New York. According to Plaintiff, the events giving rise to this complaint occurred from 2008 through 2017, at the

following correctional facilities: Downstate, Sing Sing, Elmira, Clinton, Great Meadow, Upstate, and Green Haven.

Plaintiff alleges that "after years of being denied a blood test for allergies to soy," a 2013 MRI revealed that Plaintiff had two nodules on his thyroid. A biopsy indicated that the nodules were benign, but "in the next six months" the nodules "enlarged in size." Plaintiff began "researching soy," and learned that its consumption "caused hypothyroidism," but "medical disregarded [his] complaints." Finally, at some point in 2017, a nurse "understood" Plaintiff, had him tested, and the test revealed that he is allergic to soy. Plaintiff's claim is that "the whole time" he was "denied a no-soy diet." Plaintiff wrote to Defendant Koeningsman, who initially denied Plaintiff's request for the special diet, although Plaintiff's dietary request was approved in July 2017. In January 2018, Plaintiff had a thyroidectomy, and he requires ongoing medication and blood testing.

According to Public Access to Electronic Court Records (PACER) system, Plaintiff has filed eight cases in this Circuit, four of which he filed during the time period covered by this complaint. *See Peterkin v. Halko*, No. 1:08-CV-8428, 21 (PAC) (S.D.N.Y. Sept. 4, 2019) (dismissing for failure to exhaust claims of allegedly inadequate medical treatment at Sing Sing in July 2008); *Peterkin v. Smith*, No. 12-CV-398 (N.D.N.Y. Aug. 16, 2012) (dismissing complaint alleging denial of adequate medical treatment for degenerative disk disease at Upstate Correctional Facility in February 2012); *Peterkin v. Karandy* , No. 14-CV-599 (N.D.N.Y. Jan. 27, 2015) (dismissing for failure to state a claim amended complaint alleging inadequate medical care for treatment of thyroid cist at Great Meadow from 2012 through 2014); *Peterkin v. Summers*, No. 17-CV-6106 (W.D.N.Y. filed Feb. 17, 2017) (pending complaint alleging infringement on religious practice at Elmira Correctional Facility in July 2016).

**DISCUSSION**

**A.    Personal Involvement**

The Court liberally construes the complaint to allege that Defendants were deliberately indifferent to Plaintiff's serious medical needs. To state a § 1983 claim for inadequate medical care under the Eighth Amendment, a plaintiff must allege facts showing that correction officials were deliberately indifferent to the plaintiff's serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) ("Deliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm.").[2]

A plaintiff asserting claims under § 1983 must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation,
> (2) the defendant, after being informed of the violation through a report or appeal,
> failed to remedy the wrong, (3) the defendant created a policy or custom under

---

[2] The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). In light of Plaintiff's prior cases alleging an Eighth Amendment claim of inadequate medical care, the Court assumes that Plaintiff is familiar with the elements of stating such a claim.

which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.

Allegations in a complaint must show how each defendant was involved personally in any wrongdoing. *See Ritani, LLC v. Aghjayan*, 970 F. Supp. 2d 232, 246 (S.D.N.Y. 2013). Where a plaintiff names a defendant in the caption but does not state any facts regarding the defendant's involvement, dismissal of the complaint as to that defendant is appropriate. *See Iwachiw v. New York State Dept. of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004), *aff'd*, 396 F.3d 525 (2d Cir. 2005); *Dove v. Fordham Univ.,* 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (citations omitted).

Plaintiff names Martuscello and Quick Chill Food Services as Defendants, but his complaint does not contain a single allegation against either of them. As to Koeningsman, Plaintiff asserts that after a 2017 test revealed Plaintiff's soy allergy, Koeningsman initially denied his request for a no-soy diet, but the request was approved in July 2017. These facts do not give rise to an inference that Koeningsman was personally involved in denying Plaintiff adequate medical care, or otherwise violating Plaintiff's constitutional rights.

**B.     Venue**

Under the general venue provision, a civil action may be brought in:

a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). Under § 1391(c), a person resides in the district where he or she is "domiciled." *See* 28 U.S.C. § 1391(c)(1).

Plaintiff's claims allegedly arose in seven correctional facilities, only three of which are located within this District: Sing Sing, Green Haven, and Downstate. The Court grants Plaintiff leave to amend his complaint to detail claims arising in this District. Clinton, Great Meadow, and Upstate are located in the Northern District of New York, and Elmira is located in the Western District of New York. As Plaintiff's complaint fails to state a claim, the Court declines in the interest of justice to sever and transfer the claims arising in other districts. Should Plaintiff wish to pursue those claims, he may do so in the correct venue.

**C.       Statute of Limitations**

The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, that period is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980). Plaintiff asserts claims arising from 2008 through 2017. His complaint is dated August 12, 2019, well beyond the three-year statute of limitations for any claims arising on or about August 11, 2016.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S.*

*Lines, Inc*., 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be

equitably tolled when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff

has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until

the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition, New York law

provides that where a person "is under a disability because of . . . insanity at the time the cause of

action accrues," the applicable statute of limitations will be tolled. New York Civil Practice Law

& Rules ("CPLR") § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4

(S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling

purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and

is "unable to protect [his] legal rights because of an overall inability to function in society").

New York also provides by statute for other circumstances in which a limitations period may be

tolled. *See, e.g.,* N.Y. CPLR § 204(a) (where commencement of an action has been stayed by

court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately

determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the

claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id*. at § 210 (death of

plaintiff or defendant).

     Plaintiff does not provide any facts suggesting that the statute of limitations should be

equitably tolled in this case. Because the failure to file an action within the limitations period is

an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed.

*Cortes v. City of New York*, 700 F. Supp. 2d 474, 482 (S.D.N.Y. 2010). Dismissal is appropriate,

however, where the existence of an affirmative defense, such as the statute of limitations, is plain

from the face of the pleading. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua*

*sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds); *Baker v. Cuomo*,

58 F.3d 814, 818-19 (2d Cir. 1995) (*sua sponte* dismissal is "appropriate if it appears from the face of the complaint that the action is barred . . . by the statute of limitations" ), *vacated in part on other grounds*, 85 F.3d 919 (2d Cir. 1996)).

In an abundance of caution, the Court grants Plaintiff leave to address the timeliness issue and to allege, if appropriate, why the applicable limitations period should be equitably tolled as to any untimely claims.[3]

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims arising within this District.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

---

[3] In light of Plaintiff's litigation history during the relevant time period, he will be hard-pressed to show that he was prevented from timely pursuing these claims.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:19-CV-7819 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 20, 2019
             New York, New York

COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name             Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City             State             Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☐   Convicted and sentenced prisoner

☐   Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                Last Name                Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                State                Zip Code

Defendant 2:

First Name                Last Name                Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                State                Zip Code

Defendant 3:

First Name                Last Name                Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                State                Zip Code

Defendant 4:

First Name                Last Name                Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                State                Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated _____     Plaintiff's Signature _____

First Name _____     Middle Initial _____     Last Name _____

Prison Address _____

County, City _____     State _____     Zip Code _____

Date on which I am delivering this complaint to prison authorities for mailing: _____