UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAHENE PETERKIN,<br><br>                             Plaintiff,<br><br>           -against-<br><br>DR. LEE, SHAWAGUNK CORRECTIONAL FACILITY; BENJAMIN OAKES, PA SOUTHPORT CORR; CARL KOENINGSMAN COMM DEPT OF HEALT SERV.,<br><br>                             Defendants. | 19-CV-7819 (CM)<br><br>ORDER TO SHOW CAUSE |

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Auburn Correctional Facility, is proceeding *pro se* and *in forma pauperis.* He filed this complaint alleging that Defendants violated his constitutional right to adequate medical treatment for a thyroid condition. By order dated September 20, 2019, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on October 1, 2019, and the Court has reviewed it. For the following reasons, Plaintiff is ordered to show cause why this matter should not be transferred to the United States District Court for the Western District of New York.

**STANDARD OF REVIEW**

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In his original complaint, Plaintiff named as defendants Commissioner of Administrative Services Daniel F. Martuscello, and Commissioner of Health & Medical Services Carl

Koeningsman, both of whom are in Albany, New York, and Quick Chill Food Services, located in Rome, New York. According to Plaintiff, the events giving rise to this complaint occurred from 2008 through 2017, at the following correctional facilities: Downstate, Sing Sing, Elmira, Clinton, Great Meadow, Upstate, and Green Haven.

Plaintiff alleged that "after years of being denied a blood test for allergies to soy," a 2013 MRI revealed that Plaintiff had two nodules on his thyroid. A biopsy indicated that the nodules were benign, but "in the next six months" the nodules "enlarged in size." Plaintiff began "researching soy," and learned that its consumption "caused hypothyroidism," but "medical disregarded [his] complaints." Finally, at some point in 2017, a nurse "understood" Plaintiff, had him tested, and the test revealed that he is allergic to soy. Plaintiff's claim is that "the whole time" he was "denied a no-soy diet." Plaintiff wrote to Defendant Koeningsman, who initially denied Plaintiff's request for the special diet, although Plaintiff's dietary request was approved in July 2017. In January 2018, Plaintiff had a thyroidectomy, and he requires ongoing medication and blood testing.

By order dated September 20, 2019, the Court directed Plaintiff to file an amended complaint to assert timely § 1983 claims, and to name defendants who were personally involved in violating his constitutional rights in this District.[1]

---

[1] Plaintiff previously filed eight cases in this Circuit, four of which he filed during the time period covered by this complaint. *See Peterkin v. Halko*, ECF 1:08-CV-8428, 21 (S.D.N.Y. Sept. 4, 2019) (dismissing for failure to exhaust claims of allegedly inadequate medical treatment at Sing in July 2008); *Peterkin v. Smith*, No. 12-CV-398 (N.D.N.Y. Aug. 16, 2012) (dismissing complaint alleging denial of adequate medical treatment for degenerative disk disease at Upstate Correctional Facility in February 2012); *Peterkin v. Karandy* , No. 14-CV-599 (N.D.N.Y. Jan. 27, 2015) (dismissing for failure to state a claim amended complaint alleging inadequate medical care for treatment of thyroid cist at Great Meadow from 2012 through 2014); *Peterkin v. Summers*, No. 17-CV-6106 (W.D.N.Y. filed Feb. 17, 2017) (pending complaint alleging infringement on religious practice at Elmira Correction). In the September 20, 2019 order, the

Plaintiff filed an amended complaint naming as Defendants Dr. Chung Lee, a doctor at Shawangunk Correctional Facility, Benjamin Oakes, a physician's assistant at Southport Correctional Facility, and Koeningsman. Plaintiff alleges that on November 6, 2016, he was transferred from Southport Correctional Facility to Shawangunk Correctional Facility. At Southport, Plaintiff informed Dr. Lee that from 2013 through 2016, "every sonogram showed a continuous[] growth in nodules on" his throat. Dr. Lee denied Plaintiff's request for "an allergy test to soy." Two months later, Plaintiff was transferred back to Southport, and he continued to complain about pain and burning "in the thyroid area." PA Oakes denied Plaintiff's request for an allergy test because Plaintiff did not "say" he was allergic to soy "upon arrival to facility." Plaintiff complained to Koeningsman, but never got a response.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

> a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). Under § 1391(c), a person resides in the district where he or she is "domiciled." *See* 28 U.S.C. § 1391(c)(1).

---

Court noted that, in light of his litigation history, Plaintiff would be hard-pressed to show that he was unable to timely file these claims.

Plaintiff claims that a substantial part of the events or omissions giving rise to his claims occurred at Southport Correctional Facility, Shawangunk Correctional Facility, and in Albany, New York. Southport is located in Pine City, New York, in Chemung County; Shawangunk Correctional Facility is located in Walkill, New York, in Ulster County; and Albany, New York, is located in Albany County. The counties of Chemung and Albany are located in the Northern District of New York, and Chemung County is located in the Western District of New York. None of the Defendants named in this complaint appear to be located within this District, and Plaintiff does not allege that any of the events giving rise to this complaint occurred within this District.

Because Plaintiff is not required to allege – and, in fact, may not know – where the Defendants live, it is unclear whether venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(1). Plaintiff alleges, however, that his constitutional rights were violated in Ulster County, Albany County, and Chemung County, and therefore this case could have been filed in either the Northern District of New York or the Western District of New York, under 28 U.S.C. § 1391(b)(2).

For these reasons, and "in the interest of justice," the Court is inclined to transfer this case to the Western District of New York under 28 U.S.C. § 1404(a). The Court directs Plaintiff to show cause why this matter should not be transferred to the United States District Court for the Western District of New York. Should Plaintiff not wish to litigate this matter in that court, he may move to voluntarily withdraw this action under Federal Rule of Civil Procedure 41(a).

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is ordered to show cause why this matter should not be transferred to the United States District Court for the Western District of New York. In the alternative, Plaintiff

may move to voluntarily withdraw this complaint. Plaintiff must submit a declaration to this Court's Pro Se Intake Unit within thirty days of the date of this order, and label the document with docket number 19-CV-7819 (~~LAP~~CM). No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the matter will be transferred to the United States District Court for the Western District of New York.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 12, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge