UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAHANE PETERKIN,

                Plaintiff,

-against-

QUICK CHILL FOOD SERVICES, *et al.*,

                Defendants.

19-CV-7819 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Kahane Peterkin, currently incarcerated at Southport Correctional Facility, filed this complaint *pro se* and *in forma pauperis* (IFP). Plaintiff asserted constitutional claims, under 42 U.S.C. § 1983, against New York State Department of Corrections and Community Supervision (DOCCS) Commissioner of Administrative Services Daniel F. Martuscello, and DOCCS Commissioner of Health & Medical Services Carl Koeningsman, in Albany, New York, and Quick Chill Food Services, in Rome, New York, regarding events occurring from 2008 through 2017, at the following correctional facilities: Downstate, Sing, Elmira, Clinton, Great Meadow, Upstate, and Green Haven.

By order to amend dated September 20, 2019, the Court noted that only three of the correctional facilities discussed in Plaintiff's complaint are located within this District: Sing Sing, Green Haven, and Downstate; that none of the defendants appeared to be located in this District; and that a number of Plaintiff's claims appeared to be untimely.[1] The Court directed

---

[1] In that order, the Court noted that Plaintiff had filed eight cases in this Circuit, four of which he filed during the time period covered by this complaint, and that as a result, Plaintiff would be hard-pressed to show that he had been prevented from timely pursuing these claims. *See Peterkin v. Halko*, ECF 1:08-CV-8428, 21 (S.D.N.Y. Sept. 4, 2019) (dismissing for failure to exhaust claims of allegedly inadequate medical treatment at Sing in July 2008); *Peterkin v. Smith*, No. 12-CV-398 (N.D.N.Y. Aug. 16, 2012) (dismissing complaint alleging denial of adequate medical treatment for degenerative disk disease at Upstate Correctional Facility in

Plaintiff to file an amended complaint to assert timely § 1983 claims, and to name defendants who were personally involved in violating his constitutional rights in this District.

Plaintiff filed an amended complaint on October 1, 2019. None of the Defendants named in the amended complaint appeared to be located within this District, and Plaintiff did not allege that any of the underlying events had occurred within this District.

On November 12, 2019, the Court directed Plaintiff to show cause why this matter should not be transferred to the United States District Court for the Western District of New York, and informed Plaintiff that if he did not wish to litigate this matter in that court, he could move to voluntarily withdraw this action under Federal Rule of Civil Procedure 41(a). Plaintiff filed a Rule 41(a) motion, and the Court granted that motion and dismissed the action on December 3, 2019.

Plaintiff has now written two letters informing the Court that he is being charged the filing fee for this case, and asking that the payment be refunded to him, and that he not be charged for this case because it "was never filed" and defendants "never served." (ECF Nos. 11, 12.)

**DISCUSSION**

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal *in forma pauperis* [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016) (Congress amended *in forma*

---

February 2012); *Peterkin v. Karandy* , No. 14-CV-599 (N.D.N.Y. Jan. 27, 2015) (dismissing for failure to state a claim amended complaint alleging inadequate medical care for treatment of thyroid cyst at Great Meadow from 2012 through 2014); *Peterkin v. Summers*, No. 17-CV-6106 (W.D.N.Y. filed Feb. 17, 2017) (pending complaint alleging infringement on religious practice at Elmira Correction).

*pauperis statute* to require "prisoners to pay filing fees for the suits or appeals they launch."). Prisoners granted IFP status are permitted to proceed *without prepaying* at the time of filing the complaint the entire $350.00 filing fee, which is instead deducted from the prisoner's account in increments, as set forth in § 1915(b)(1). The obligation to pay the filing fees is imposed prior to any assessment of the merits of a complaint. *See Leonard v. Lacy*, 88 F.3d 181 (2d Cir. 1996).

The Court's order granting Plaintiff IFP status explained that a prisoner bringing a civil action is required to pay the full $350 filing fee even when proceeding IFP. (ECF 1:19-CV-7819, 4.) In addition, Plaintiff signed a prisoner authorization form on August 12, 2019, which states: "[B]y signing below, I acknowledge that . . . if I am granted IFP status, the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it." (ECF 1:19-CV-7819, 3.) The same form authorizes prison officials to deduct the statutorily required fees from Plaintiff's prison account.

For these reasons, Plaintiff's request for a refund must be denied. Although the Court is sympathetic to Plaintiff's financial concerns, the Court lacks discretion under the PLRA to enjoin collection of the filing fee.

## CONCLUSION

Accordingly, Plaintiff's request for a refund is denied.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 17, 2020
        New York, New York

                                                 COLLEEN McMAHON
                                            Chief United States District Judge